Reed, J.,
áftér stating the facts, delivered the opinion of the court.
The examination of this case is attended with much more than usual difficulty. Counsel, regarding this and another: case, by same plaintiff v. Hobbs, infra, as analogous and capable of being disposed of by, the determination of'the same questions, obtained leave to present but one abstract and one brief and argument in both cases, when, in fact, there is hardly anything in common between them, and their solution depends upon the application of widely different principles. This being the case, this compound of concentrated presentation embarrasses the court, it being almost impossible to determine to which case a given state of facts pertains, or to which case the law is attempted to be applied. During the entire time from December 10, 1881, to March 22, 1882, it is conceded the property was not reduced to possession, and no effort made to acquire the possession, and no assertion of title under the mortgage. From March 22d, when the attachment was levied, until the 28th, there was no assertion of rights under the mortgages. On the 28th Agnew-attempted, by a written instrument, made by and with the' advice of plaintiff, to assign his property to plaintiff and: Hobbs, as assignees or trustees for the .benefit of his cred-: itors generally, and plaintiff, by an instrument in writing,-, accepted the trust, jointly with Hobbs, another creditor. If-this was not a waiver of any. rights -under the mortgages by.' the plaintiff, it was the acceptance of a position'absolutely incompatible with the assertion of ownership of the prop-) erty as mortgagee. After the acceptance of the trust for, the benefit of creditors generally, he should be estopped to! say that the property, the proceeds of which he was to. distribute as trustee, was his own prior to and at the timé of. accepting the trust. The two positions of owner by virtue: of his mortgages and trustee of the same property were in-; compatible, and his subsequent proceeding by attachment: and garnishment was incompatible with either. It is well' *168 established by the evidence that he did not obtain possession of the property either as mortgagee or assignee. When the indebtedness secured by chattel mortgages matures at different times, the mortgagee need not take possession of the property until the maturity of the last note, (provided it does not come under the two-years statutory limitation.) Barbour v. White, 37 Ill. 169. The last note secured by chattel mortgage matured December 10th. On March 22d following no possession had been taken, and the attachment was levied. “ The time during which the property may remain in the cjistody and possession of the mortgagor is fixed and determined — First, by the mortgage itself, as, when it provided that the property shall remain in the possession of the mortgagor until default in payment, or the maturity of the debt: ” Atchison v. Graham, 14 Colo. 217. The statute concerning chattel mortgages was literally the same as that of the state of Illinois, and has been construed for years in that state. In Reed v. Eames, 19 Ill. 594, it is said : “ Under a chattel mortgage the mortgagee must take possession of the property upon the default of the payment of the debt. Suffering it to remain with a mortgagor after a default in payment is a fraud per se, not subject to explanations.” See Thompson v. Yeck, 21 Ill. 73; Funk v. Staats, 24 Ill. 632; Reese v. Mitchell, 41 Ill. 365; Lemen v. Robinson, 59 Ill. 115; Dunlap v. Epler, 88 Ill. 82. Failing to take possession of the property the mortgage was void and inoperative against a creditor who proceeded by attachment and levy. This disposes of the case; but, as other supposed errors are urged, we will briefly examine them. It is contended that the levy by attachment was void by reason of the sheriff having failed to serve Agnew with a copy of the writ. This cannot prevail. First. It was- a matter only available, if at all, to Agnew, and was by him waived by an appearance in the case, and an attempt to quash upon other grounds. Second. It not having been raised as a question between the parties to the suit, and not affecting the jurisdiction of the court, it cannot be raised collaterally by a third *169 party. No principle of law is better established or more widely recognized than that in proceedings of this kind a party must succeed, if at all, by showing a paramount title. If he shows none at all, he cannot build one upon the technical defects of that of the other party. It follows that the judgment must be affirmed.

Affirmed.